## SUPREME COURT.

IRA SMITH, respondent agt. LIVINGSTON HINDS, appellant.

Where a *notice of appeal* from a justice's judgment, specifying the particulars in which the judgment should have been more favorable to the appellant, is served upon the respondent, the respondent in serving his *offer of acceptance*, must not only serve it upon the party but also upon the *justice*. The statute has made the respondent's right to *costs* depend upon a compliance with its provisions.

Where the respondent recovered judgment against the appellant before the justice for $48 damages, besides costs, and the appellant in his notice of appeal claimed that the judgment should have been in favor of the plaintiff for the sum of only $45; and then claimed that the judgment should have been only for the sum of $40, and afterwards continued to make the same claim as to the residue of the amount less $5, until he claimed that judgment should have been in his favor, and the respondent served an offer upon the appellant only, offering to reduce the judgment to $30—no acceptance of the offer being filed by the appellant, and upon the trial in the county court the respondent recovered a verdict for the sum of $37: *Held, that the appellant was entitled to costs.**

*Eighth District General Term, November*, 1865.

*Before* GROVER, *P. J.*, DANIELS *and* MARVIN, *Justices.*

THE plaintiff in this action sued the defendant in a justice's court of Orleans county, and recovered a judgment against him for the sum of $48 damages, besides costs. The defendant appealed to the county court of that county, and in his notice of appeal claimed that the judgment should have been in favor of the plaintiff for the sum of only $45; and then claimed that the judgment should have been only for the sum of $40, and afterwards continued to make the same claim as to the residue of the amount, less $5, until he claimed that judgment should have been in

---

* *Quere ?*—Which party would have been entitled to costs had the respondent served his offer properly upon the justice ? The respondent recovered less in the county court than he did before the justice, but recovered more than his *offer* served upon the appellant—while the appellant's specification was less than the justice's judgment, but *more or less* than the respondent's offer, as a mere matter of taste might determine.

Almost every case which arises under this provision of the Code, seems to show the utter fallacy of undertaking to establish a court of chancery for the parties midway between a justice's court and a county court.—REP.

his favor. The plaintiff served an offer upon the defend-
ant, offering to reduce the judgment to $30, but omitted to
serve it upon the justice who rendered the judgment. No
acceptance of the offer was filed by the appellant, and upon
the trial in the county court the plaintiff recovered a ver-
dict for the sum of $37. The county clerk adjusted the
appellant's costs, and declined to adjust costs for the
respondent. From such adjustment the respondent ap-
pealed, and upon the appeal the county court reversed the
decision of the clerk, and held that the respondent was
entitled to costs, and that the appellant in the appeal from
the judgment was not entitled to costs. The appellant
then appealed from that decision to this court.

BESSAC & BULLARD, *for appellant.*
S. E. CHURCH, *for respondent.*

DANIELS, J. The notice of appeal was sufficiently spe-
cific in its designation of the particulars in which the appel-
lant claimed that the judgment should have been more
favorable to him. If it had claimed that the recovery
before the justice should have been for the sum of $45
only, and stopped there, no valid objection could have
been made to it, on account of its failure to specify the
particular or particulars in which the appellant claimed
that the judgment should have been more favorable to him.
The notice would then fall strictly within the rule adopted
by this court in the construction of section 371 of the
Code (*Forsyth* agt. *Ferguson,* 27 *How. Pr. Rep.* 67). And
the addition of further specifications of the same general
nature, but smaller in amounts, could not have the effect
of invalidating the notice in that respect. The section
referred to requires the appellant to specify the particulars
in which he claims the judgment should be more favorable
to him, but neither expressly nor constructively subjects
him to a forfeiture of the advantages secured by doing so,

Smith agt. Hinds.

on account of extending his specification of particulars to an unnecessary degree of minuteness. The duty in either case is imposed upon the respondent to make and serve the offer provided for, if he desires to protect .himself against the possibility of being compelled to . pay the appellant's costs in consequence of a reduction of the judgment.

The Code provides that within fifteen days after the service of the notice of appeal, the respondent may serve upon the appellant and justice, an offer in writing to allow the judgment to be corrected in any of the particulars mentioned in the notice of appeal (§ 371 *of Code*). The service of this offer is not imperative. He may serve it or not, as he shall elect. And if he omits to serve it, and still recovers as favorable a judgment as that rendered by the justice, he will recover the costs of the appeal against the appellant. But if the judgment in the county court be less favorable to him, then he becomes liable to pay the appellant's costs, by reason of his omission to serve the offer. If, therefore, the respondent desires to protect himself against this contingent liability, he must avail himself of the power conferred by the statute of doing so, by serving the offer. The privilege is entirely personal to him. If he renders it available, he must do so in the manner provided for by the statute. The immunity to be secured depends upon serving the offer on the appellant, and also upon the justice, and not upon one or the other of them merely. It is of no consequence that the omission to serve it either upon the justice or the party can be seen to have worked no substantial injury by reason of the future proceedings taken in the action, for the legislature have made the respondent's right to costs depend upon a compliance with these provisions of the law, where the judgment in a case like this, is made more favorable to the appellant by the result of the trial in the county court. The right is to be secured by the service of the offer upon the party and the justice, and by nothing less than that. The object

of requiring the offer to be served upon the justice, is very clearly exhibited by the subsequent portion of this section of the Code. For the appellant is not required to serve his acceptance of it upon the respondent, but merely upon the justice. And he, upon the offer and acceptance together, is required to make a "minute thereof in his docket, and correct such judgment accordingly. And the same so corrected, shall stand as his judgment, and be enforced accordingly."

If any superior importance can be attached to the service upon one more than the other, it certainly must belong to the service of the offer upon the justice, for that becomes a portion of the record in the cause, where an acceptance of it is afterwards filed. The object of requiring service upon the appellant, seems to be to secure to him notice of the respondent's proceedings. This is a statutory proceeding, and the party seeking the advantage proposed by its terms, must strictly conform to their requirements. It is the duty of courts of justice to see that they are substantially observed, instead of endeavoring to render them ineffectual on account of the apparent hardships produced in the particular case presented for their application.

The order of the county court should be reversed, and the adjustment of the appellant's costs by the clerk affirmed.

GROVER, P. J., and MARVIN, J., concur.